UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ALEXANDER KUZKO and LIDIYA KUZKO,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION, a District of Columbia corporation; J.P. MORGAN CHASE BANK, a national association; ALL PERSONS UNKNOWN, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to plaintiff's title, or any cloud upon plaintiff's title thereto; and DOES 1-25, inclusive,<br><br>　　　　　Defendants. | No.  2:15-cv-01848-GEB-AC<br><br>**ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE** |
|---|---|

　　　　Plaintiffs stated in their Status Report filed October 21, 2015, that "[a]ll known defendants have been served[,]" and "[a]s of the date of this status report[,] no defendant has appeared in the matter." (Pls.' Status Report 1:19-20, ECF No. 6.) However, Plaintiffs did not indicate in the Status Report how they intend to prosecute the action other than stating generally that "Plaintiffs likely will move for default as to Chase Bank."

1

1    (Id. at 2:1-2.)

2           Therefore, an order issued on November 6, 2015, which
3    continued the status conference to December 7, 2015, and required
4    the parties to file a joint status report no later than fourteen
5    (14) days prior to the scheduling conference, in which **Plaintiffs**
6    **were ordered "[to] address their efforts to prosecute this case**
7    **against each named Defendant."** (Order 2:4-7, ECF No. 7.) Although
8    Plaintiffs filed a status report on November 6, 2015, they failed
9    to address therein their efforts to prosecute this case, as
10   ordered.

11          Therefore, Plaintiffs are Ordered to Show Cause ("OSC")
12   in a writing to be filed no later than December 14, 2015, why
13   sanctions should not be imposed against them and/or their counsel
14   for their failure "to obey a scheduling or other pretrial order."
15   Fed. R. Civ. P. 16(f)(1)(c). The written response shall state
16   whether Plaintiffs or their counsel are at fault, and whether a
17   hearing is requested on the OSC.[1] If a hearing is requested, it
18   will be held on February 1, 2016, at 9:00 a.m., just prior to the
19   status conference, which is rescheduled to that date and time.

20          A joint status report shall be filed no later than
21   fourteen (14) days prior to the Status Conference, **in which**
22   **Plaintiffs shall address their efforts to prosecute this case**
23   **against each named Defendant. <u>Plaintiffs are notified that each</u>**
24   **<u>named Defendant and/or this action may be dismissed with</u>**

25
---
26   [1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where
27   the impact of the sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).
28   Sometimes the faults of attorneys, and their consequences, are visited upon clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).

**prejudice under Federal Rule of Civil Procedure 41(b) if Plaintiffs fail to prosecute their claim or claims against either or both named Defendants.**

   IT IS SO ORDERED.

Dated: December 3, 2015

                 _____
                 GARLAND E. BURRELL, JR.
                 Senior United States District Judge